CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 22 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDA BEAN, )<br>        Plaintiff )<br>)<br>v. )<br>)<br>RREMC, LLC, )<br>a Florida Corporation, )<br>a/k/a Denny's Restaurant, )<br>        Defendant ) | Civil Action No. 7:06cv757<br><br>By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant, RREMC, Inc.'s motion for summary judgment. This is a premises liability case in which plaintiff Linda Bean ("Bean") alleges she fell on a wet tile floor in the foyer of a Denny's Restaurant in Roanoke, Virginia. Defendant has moved for summary judgment, asserting that the wet floor was open and obvious and that Bean was on actual notice of the wet floor because her dinner companion, Joey Glenn Williams ("Williams"), had warned her that the floor was wet.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court has carefully reviewed the defendant's motion and accompanying exhibits, including the deposition testimony of Bean and eyewitness, Williams. Construing the evidence

in the light most favorable to Bean, it is plain that a genuine issue of material fact exists as to whether the wet floor was open and obvious to plaintiff. Bean asserts she did not see the floor being mopped as her back was to that area of the restaurant, she saw no warning signs, and she did not notice any liquid on the floor before she fell. Williams also testified that there were no warning signs visible to persons coming from the smoking section of the restaurant where they were seated. While Williams saw a puddle on the floor after Bean's fall, it is for the trier of fact to determine whether plaintiff exercised reasonable care for her safety and whether the liquid on the tile floor was open and obvious. See, e.g., Scott v. City of Lynchburg, 241 Va. 64 (1991); Crocker v. WTAR Radio Corp., 194 Va. 572 (1953).

Finally, while defendant asserts Bean was on actual notice the floor was wet because Williams had seen an employee mop the floor and warned her that the floor was wet, such a categorical assertion is not consistent with the entirety of Williams' deposition testimony, where he repeats, over and over again, that he could not remember whether he warned plaintiff that the floor had been mopped on the day of her fall.

In deposition, Williams was repeatedly questioned on whether he warned Bean that the foyer floor had just been mopped. For example, on pages 25-26, Williams testified that "I can't remember if I told her to watch out because, you know, they had just mopped over there or whatever. I know – I have done that, but I can't recall if I did it on that particular day." On pages 27-28, Williams was asked again about warning Bean, and he testified "It's very highly possible due to me, you know, seeing the guy mopping, you know, that I did remind her of that because I have reminded her of that in times past, but I can't be specific, you know, as to whether or not I did that on that particular day." On pages 54-55, Williams testified:

2

> Q. At one point you said it was highly possible that you reminded Linda on the date of the accident of the wet floor.
>
> Do you have any specific recollection of saying anything to Linda Bean on the day of the accident about the floor?
>
> A. To be perfectly honest. I can't say yea or nay on that because I'm not – you know. I have in the past, you know. It's very highly possible that I did, but to pinpoint and say that I did or didn't, I – can't truthfully answer that.
>
> Q. Are you saying that you do not know if you warned Linda about the floor on the day of the accident?
>
> A. I – like I said. I'm not sure if I – on that particular day if I did or didn't. I feel pretty sure that I did, but I'm not – I can't be a hundred percent sure."

Viewing Williams' testimony in the light most favorable to plaintiff, a genuine issue of material fact exists on this issue, precluding summary judgment. Accordingly, it is hereby **ORDERED** that defendant's motion for summary judgment is hereby **DENIED**.

Enter this 22nd day of June, 2007.

Michael F. Urbanski
United States Magistrate Judge

3